**Abatement Order filed January 18, 2013**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-12-00117-CV**
_____

**JOE GUADALUPE VASQUEZ AND MARIA GUADALUPE VASQUEZ,**
**Appellants**

**V.**

**AMALIA PUGA, EDGAR PUGA, JUAN TAPIA, STATE BOND &**
**MORTGAGE CO., Appellees**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-37844**

---

## A B A T E M E N T   O R D E R

The reporter's record in this case was due October 19, 2012. On October 23, 2012, the official court reporter, Gina Wilburn, was ordered to file the record within 30 days. No response from Gina Wilburn was received. On December 4, 2012, Gina Wilburn was again ordered to file the record within 30 days or an order would be issued directing the trial court to conduct a hearing to determine the

reason for the failure to file the record. *See* Tex. R. App. P. 35.3(c) (the trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed). Again, no response from Gina Wilburn was received. Accordingly, we enter the following order.

Pursuant to TEX. R. APP. P. 35.3(c) and 37.3(a)(2), the judge of the 55th District Court shall (1) immediately conduct a hearing at which the court reporter, appellant's counsel and appellee's counsel shall participate, either in person or by video teleconference, to determine (a) the reason for the failure to file the record; and (b) a date certain when the reporter's record will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. The purpose of the hearing shall be to find (1) fault for the failure to file the reporter's record as outlined in Tex. R. App. P. 35.3(c); (2) the cause for the failure of Gina Wilburn to disregard orders of this Court to file the record; and (c) the appropriate consequence for both. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court within thirty (30) days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.